UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Case No. 3:10-CV-00058-RJC-DSC

| | |
|---|---|
| AMANDA N. LOPEZ, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT PLUS, INC., <br><br> Defendant. | **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

Defendant, CREDIT PLUS, INC. ("Credit Plus"), through its counsel, hereby moves this Court to Dismiss Plaintiff's claims for Failure to Prosecute pursuant to Federal Rule of Procedure 41(b).

### I.    Facts, Background, and History of the Litigation

On August 10, 2009, Plaintiff filed her "Class Action Complaint" on behalf of herself and all others similarly situated, alleging that Credit Plus violated the Fair Credit Reporting Act ("FCRA"). See, Docket Entry No. 1. The Class Action Complaint was filed in the Eastern District of North Carolina, though it alleged that Plaintiff resided in the Western District of North Carolina. *Id*. The Court granted Defendant's Motion to Dismiss (Docket Entry No. 7), and on February 11, 2010 ordered the case transferred to the Western District of North Carolina. (Docket Entry No. 10).

On August 11, 2010, this Court entered its Case Management Order in this matter, Docket Entry No. 15, providing for Initial Disclosures by September 10, 2010, expert reports by January 1, 2011, February 1, 2011, and March 11, 2011, respectively, and the completion of all discovery by March 11, 2011. Mediation was to be completed by March 28, 2011, and the matter scheduled for trial on September 12, 2011. *Id*.

Plaintiff has taken absolutely no activity to prosecute this case. Plaintiff has served no discovery requests of any kind at any time, nor subpoenaed third party witnesses for documents or depositions. Despite the clear deadline in the Case Management Order, Plaintiff has served no Initial Disclosures, nor taken any steps to initiate ADR, nor disclosed any expert witness. Plaintiff has filed no Motion to Certify a "class". On December 8, 2010, Defendant served upon Plaintiff interrogatories and requests for production of documents, (attached hereto as **"Ex. 1"**) to which Plaintiff has neither responded nor filed a motion for extension of time. The undersigned has made multiple attempts to contact opposing counsel via letters and e-mails since March 2011, asking if he still represents Plaintiff, reminding him of the upcoming September 12, 2011 trial date, and pre-trial filings required under Local Rules, and has been met with total silence.

Finally, this Court also should note that the United States District Court for the District of South Carolina recently dismissed with prejudice for want of prosecution another recent FCRA class action by the same plaintiff's counsel, "Consumer Litigation Associates, P.C. See, *Byerson v. Equifax Information Services, LLC*, 2009 WL 82497, 6:07-CV-00005-GRA (D.S.C., Jan. 9, 2009) (unpublished decision attached as **"Ex. 2"**).

**II. <u>Legal Argument</u>**

Federal Rule of Civil Procedure 41(b) states that a defendant may move to dismiss if the plaintiff "fails to prosecute." Given Plaintiff's failure to take <u>any</u> action to prosecute her case, this case should be dismissed pursuant to Rule 41(b). Well established Fourth Circuit precedent provides four factors to be considered when deciding whether to dismiss an action for failure to prosecute:

1. the degree of plaintiff's responsibility in failing to respond;
2. the amount of prejudice to the defendant;

3. the history of the plaintiff in proceeding in a dilatory manner; and

    4. the existence of less dramatic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). These factors are to be <u>considered</u> by the Court along with the interest in sound judicial administration. Plaintiff's inaction here satisfies all four criteria.

    **First**, Plaintiff bears complete responsibility for failing to respond. In the two years since filing this lawsuit (in the wrong district), Plaintiff has done absolutely nothing to prosecute the case. Plaintiff may claim that she hoped or believed the case would settle,[1] but this provides no excuse for failing to take clearly required, indeed Ordered, steps to maintain a lawsuit. This is particularly true where Plaintiff has totally refused to respond to multiple attempts to communicate in the past one hundred and twenty days, with a jury trial looming shortly.

    Nor is Plaintiff without blame in this matter. The Plaintiff herself is responsible for her attorneys' conduct. Plaintiff voluntarily chose her representation and must supervise her attorneys' conduct. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962).

    **Second**, Credit Plus has been prejudiced in their ability to conduct discovery and to evaluate the merits of the claim. Plaintiff failed to provide Initial Disclosures in violation to this Court's Case Management Order. Credit Plus served upon Plaintiff interrogatories and requests for production of documents, which to this date remain unanswered. Plaintiff also significantly impaired Credit Plus's ability to prepare for trial by failing to participate in any meaningful discovery and failing to disclose any expert witness.

    Furthermore, because of Plaintiff's dilatory and obstructive inaction, Credit Plus has been deprived of a prompt resolution of this case. Such conduct would justify the dismissal of

---

[1] Defendant admits that the parties were previously engaged in unsuccessful settlement discussions. As noted, despite multiple attempts, the last communication from Plaintiff was in March 2011.

Plaintiff's case, since justice is not served by the trial of stale claims. *See Snead v. Automation Indus., Inc*., 102 F.R.D. 823, 828 (4th Cir. 1984) (applying *Davis* factors, finding prejudice, and upholding dismissal for failure to prosecute under Rule 41).

**Third**, there is a stunning history of proceeding in a dilatory manner. In this case, Plaintiff filed in the wrong district, and filed no Affidavit of Service within 120 days of filing suit, delaying the case by at least seven months. Plaintiff has taken no substantive action in the past two years. Plaintiff has refused to communicate entirely in the past one-hundred and twenty days.

Most egregious, as noted above, the same Plaintiff's law firm just recently had another FCRA "class action" case in South Carolina dismissed for failure to prosecute under Rule 41(b). *Byerson,* supra, at 5-6 ("This nearly two years' slumber at the bar provides an irrefutable history of delay. This is one of the most egregious examples of failure to prosecute ever witnessed by the Court.") Such a "history of proceeding in a dilatory manner" cannot be better documented.

**Fourth**, there is no appropriate sanction less dramatic sanction than dismissal. If Plaintiff was barred from presenting all evidence at trial, which would be indicated by the failure to tender Rule 26(a)(1) disclosures or respond to Defendant's discovery requests, then the same result of dismissal should be reached. Perhaps, as identified in the Case Management Order, Plaintiff could also be sanctioned $50.00 per day, approximately $15,200.00 since August 11, 2010, and counting, for failure to take <u>any</u> of the actions required by the Case Management Order, but this might be a more dramatic sanction than even dismissal with prejudice.

### III. Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claim for failure to prosecute.

RESPECTFULLY SUBMITTED,

Dated: July 15, 2011                                        MCNAIR LAW FIRM, P.A.


                                                    By:    /s/ Jeremy A. Stephenson
                                                           Jeremy A. Stephenson, (NC Bar # 34623)
                                                           jstephenson@mcnair.net
                                                           301 South Tryon, Suite 1615
                                                           Charlotte, North Carolina 28282
                                                           (704) 347-1170
                                                           Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS FOR FAILURE TO PROSECUTE** with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

> Leonard A. Bennett
> Consumer Litigation Associates, P.C.
> 12515 Warwick Blvd., Ste. 100
> Newport News, VA  23606

Dated:  July 15, 2011                    MCNAIR LAW FIRM, P.A.


By:   /s/ Jeremy A. Stephenson
       Jeremy A. Stephenson, (NC -34623)
       jstephenson@mcnair.net
       301 South Tryon, Suite 1615
       Charlotte, North Carolina 28282
       (704) 347-1170
       Attorney for Defendant